UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GERALD D. HUDSON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　) Case No. 3:09-cv-0668-LRH-VPC
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) ORDER
CLARK COUNTY, *et al.*,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　 )

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an Application to Proceed *in Forma Pauperis* and a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983.  (#1). The Court has screened the complaint and finds that it must be dismissed.

**I.   Application to Proceed *in Forma Pauperis***

Based on the financial information provided, the Court finds that plaintiff shall not be required to pay an initial partial filing fee.  However, even if this action is dismissed, the full filing fee of $350 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**II.  Screening Standard Pursuant to 28 U.S.C. § 1915A**

The Court must screen plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

1  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   Screening of the Complaint**

Plaintiff sues defendants Clark County, Tara Hubard, Lisa Luzaich, Stacie Roundtree, John Doe, and Douglas Herndon in their official capacities for violation of his Fifth and Fourteenth Amendment rights. He claims that his rights were violated when he did not receive a speedy or fair trial and subsequently had his probation revoked.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Here, plaintiff has not alleged a viable claim. He has not shown that his conviction or sentence has been reversed, expunged, declared invalid, or otherwise called into question. Thus, plaintiff has failed to state a claim upon which relief may be granted.

**IV.   Conclusion**

Plaintiff has failed to state a claim upon which relief may be granted, and this action must be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's Application to Proceed *in Forma Pauperis*

1  (#1) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if
2  this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).
3          **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to
4  conclusion without the necessity of prepayment of any additional fees or costs or the giving of security
5  therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at
6  government expense.
7          **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department
8  of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the
9  preceding month's deposits to plaintiff's account (inmate #1012309), in the months that the account
10 exceeds $10.00, until the full $350 filing fee has been paid for this action.  The Clerk of the Court shall
11 send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy
12 of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections,
13 P.O. Box 7011, Carson City, NV 89702.
14         **IT IS HEREBY ORDERED** that the Clerk of the Court shall **FILE** the complaint.
15         **IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice for failure**
16 **to state a claim upon which relief can be granted.**
17         **IT IS FURTHER ORDERED** that plaintiff's Motion for the Appointment of Counsel (#1-2)
18 shall be **FILED** and **DENIED**.
19         **IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE** and
20 **ENTER JUDGMENT ACCORDINGLY.**
21         DATED this 9th day of December, 2009.

                                              _____
                                              LARRY R. HICKS
                                              UNITED STATES DISTRICT JUDGE

4